UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

**DONALD RAY VIOLETT**                                                                             **PLAINTIFF**

**v.**                                                         **CIVIL ACTION NO. 1:15-CV-P142-GNS**

**CHRISTOPHER COHRON**                                                     **DEFENDANT**

**MEMORANDUM OPINION AND ORDER**

Plaintiff Donald Ray Violett, a state prisoner, filed this *pro se* action under 42 U.S.C. § 1983. This matter is before the Court on a motion for appointment of counsel by Plaintiff (DN 7). Plaintiff brings this motion under 18 U.S.C. § 3599. By its plain terms, this statute authorizes the appointment of counsel for financially unable defendants who are either charged "with a crime which may be punishable by death" or are involved in a post-conviction proceeding under 28 U.S.C. §§ 2254 or 2255 and are "seeking to vacate or set aside a death sentence." 18 U.S.C. § 3599(1) and (2). The records submitted by Plaintiff indicate that he was convicted of a crime by a Kentucky state court but did not receive a death sentence. For this reason, 18 U.S.C. § 3599 does not apply to Plaintiff's request for counsel.

In addition, the appointment of counsel is not a constitutional right in a civil case, such this action brought under 42 U.S.C. § 1983. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[1] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.,Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting

---

[1] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

*United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Id.* (citations omitted).

      The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel at this time. *See Knowles-Browder v. Ca. Forensic Med. Group Staff*, No. CIV S-05-1260, 2006 U.S. Dist. LEXIS 20973, at *1 (E.D. Cal. Apr. 10, 2006) ("Most pro se litigants believe that their cases are complex, and all prisoners find that their access to law libraries is limited."). Furthermore, based on a review of the documents filed by Plaintiff thus far, it appears that he is logical in his arguments and familiar with the workings of the legal system and, therefore, able to represent himself sufficiently at this time. Consequently, the Court finds that Plaintiff has not set forth any "exceptional circumstances" warranting appointment of counsel at this stage.

      Accordingly,

      **IT IS ORDERED** that Plaintiff's motion for appointment of counsel (DN 7) is **DENIED**.

Date: December 2, 2015

                                                                  **Greg N. Stivers, Judge**
                                                               **United States District Court**

cc: Plaintiff, *pro se*
    Defendant
4416.011