UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONALD RAY VIOLETT                                                                                          PLAINTIFF

v.                                                 CIVIL ACTION NO. 1:15-CV-P142-GNS

CHRISTOPHER COHRON                                                 DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff filed a *pro se* civil-rights complaint (DN 1) pursuant to 42 U.S.C. § 1983. Thereafter, he filed a motion to amend the complaint (DN 13), which is **GRANTED**. *See* Fed. R. Civ. P. 15(a)(1). The complaint and amended complaint are before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the reasons set forth below, Plaintiff's action will be dismissed.

### I. SUMMARY OF COMPLAINTS

In 1993, Plaintiff Donald Ray Violett was convicted in state court of the rape and sodomy of his stepdaughter. In his complaint, he states that he is "seeking injunctive relief for release of DNA forensic test results/lab reports and other relevant exculpatory evidence that will exonerate the Plaintiff . . . as authorized . . . under *Skinner v. Switzer*, 131 S. Ct. 1289 (2011)." He brings this action against Christopher Cohron, the Warren County (Kentucky) Commonwealth's Attorney, John R. Grise[1] and the Warren Circuit Courts.

Plaintiff first argues that the state circuit court in which he was convicted issued an order that the Warren County Commonwealth's Attorney produce any evidence "in its possession

---

[1] Defendant Grise holds the position of Warren Circuit Judge, Division II (Kentucky).

which in any way tends to prove the Plaintiff innocence." Plaintiff alleges that the Warren County Commonwealth's Attorney never complied with this court order.

Plaintiff then alleges that he sent open records requests to different state agencies requesting such evidence. He states that he sent an open records request to the Bowling Green (Kentucky) Police Department "to seek information if the semen found in the panties, collected by the police, had been tested and about the test results and lab reports, and the test results of the rape kit . . . ." He states that the Bowling Green Police Department provided him with all of the documents in the files of the detective who had handled Plaintiff's case, but told him the DNA and lab results he sought were in the possession of the Warren County's Commonwealth's Attorney. He then states that the Commonwealth's Attorney refused to release those records to him based upon an exception to the Kentucky Open Records Act.

Plaintiff argues that his "14th Amendment right to due process" is being violated because Defendant Cohron refuses to provide him with "the DNA test results and any other relevant exculpatory evidence . . . so the Plaintiff can collateral attack his state court conviction and the DNA test results and lab results and, any other relevant exculpatory evidence could exonerate the Plaintiff." Plaintiff alleges that this violates his rights under *Brady v. Maryland* and *Skinner v. Switzer*.

Plaintiff then points to KRS 422.285, which he states is the Kentucky statute that allows prisoners, in non-capital offense cases, "to gain post-conviction DNA testing in limited circumstances." Plaintiff argues that as a result of this statute, "there is no doubt, from the records, the Defendant [Cohron] tested the semen found in the panties" and that Defendant Cohron is still holding such results and thereby violating the Plaintiff's "14th Amendment due

process clause rights to obtain that exculpatory evidence so the Plaintiff can collaterally attack his illegal criminal conviction."

Finally, Plaintiff makes the following allegations against Defendants John R. Grise and the Warren Circuit Court:

> John R. Grise has went outside his judicial duties and investigated the Plaintiff's actual innocence claims, and found the Plaintiff has an unlawful conviction, and the Warren County Commonwealth's Attorney's Office, and its agents, that investigated the Plaintiff's criminal case concealed exculpatory evidence, that could have exonerated Plaintiff, and the defendants, in overt acts are preventing the Plaintiff from getting access to that evidence, and the defendants are protecting the parties that concealed the exculpatory evidence, so the Plaintiff cannot question the agent that fabricated the false criminal charges against the Plaintiff.

As relief against these two Defendants, Plaintiff seeks the release of "any and all exculpatory evidence."

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3

relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Absent either element, a § 1983 claim will not lie. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Here, Plaintiff seeks post-conviction access to DNA and lab test results which he believes contain exculpatory evidence. In so doing, he points to multiple court orders from his criminal trial which require the Commonwealth's Attorney's Office and the Bowling Green Police Department to produce any and all files, reports, and other evidence related to the allegations against him. To the extent that Plaintiff seeks exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963), his claim is barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of habeas corpus. Courts have also applied the *Heck* bar in cases where injunctive relief was sought. *See, e.g., Lawson v. Engleman*, 67 F. App'x 524, 526 n. 2 (10th Cir. 2003) (*Heck* applied to plaintiff's claims for monetary, declaratory, and injunctive relief; *Heck* should apply when the concerns underlying *Heck* exist); *Sheldon v. Hundley*, 83 F.3d 231, 233 (8th Cir. 1996) (indicating that, under *Heck*, court disregards form of relief sought and instead looks to essence of plaintiff's claims).

In addition, it is well-established that "*Brady*-based § 1983 claims necessarily imply the invalidity of a challenged conviction" that has not been invalidated. *Poventud v. City of New York*, 750 F.3d 121, 132-133 (2nd Cir. 2014); *see also Skinner v. Switzer*, 562 U.S. 521, 536-37 (2011) ("[A] *Brady* claim, when successful postconviction, necessarily yields evidence undermining a conviction . . . . Accordingly, *Brad*y claims have ranked within the traditional core of habeas corpus and outside the province of § 1983").

Based upon the above law, two courts recently dismissed § 1983 actions seeking post-conviction access to exculpatory evidence. *See e.g.*, *McCullough v. Hale*, No. 15-CV-691 (CBA) (CLP), 2015 U.S. Dist. LEXIS 155373 (E.D.N.Y Nov. 17, 2015) (dismissing under *Heck* a § 1983 claim seeking post-conviction access to exculpatory evidence); *Harper v. Coffey*, No. 4:15CV3033, 2015 U.S. Dist. LEXIS 94049 (D.C. Neb. July 20, 2015) (dismissing under *Heck* a § 1983 action seeking access to DNA testing ("rape kit test and results") that would allegedly prove that plaintiff was innocent), *aff'd*, No. 15-2931, 2016 U.S. App. LEXIS 4380 (8th Cir. Mar. 9, 2016). Thus, it is clear that Plaintiff's *Brady* claim is barred by *Heck*.

To the extent that Plaintiff brings his claim for access to DNA evidence under *Skinner v. Switzer*, 562 U.S. 521 (2011), his claim still fails. In *Skinner*, the Supreme Court held that plaintiff may bring a § 1983 action to secure access to evidence for DNA testing that could allegedly prove his innocence, since DNA testing would not necessarily imply the invalidity of his conviction, but may yield "exculpatory, incriminating, or inconclusive results." *Id*. at 523. However, *Skinner* is inapplicable here because Plaintiff has made clear in his complaint that he seeks access to DNA evidence that has already been tested and is exculpatory.

The Court also notes that the Supreme Court has specifically held that there is no free-standing, substantive due process right to post-conviction DNA evidence. *District Attorney's Office for Third Judicial Circuit v. Osborne* 557 U.S. 52, 72-73 (2009). The *Osborne* Court did indicate, however, that a plaintiff may bring a § 1983 claim alleging that state procedures available for securing post-conviction access to DNA evidence provide constitutionally inadequate procedural due process. *Id.* at 71. The Court further held these procedures need not be coextensive with certain "familiar preconviction trial rights," such as the one to disclosure of

6

exculpatory evidence set forth in *Brady*, because a person already convicted in a fair trial cannot claim the same liberty interest as a person first standing trial. *Id*. at 68-69.

Based on *Osborne*, in *Hartman v. Walsh*, the Sixth Circuit dismissed a § 1983 complaint where Plaintiff sought access to untested crime scene materials from a prosecutor in order to conduct testing. No. 11-4368, 2012 U.S App. LEXIS 27183 (6th Cir. Oct. 1, 2012). The court held that plaintiff's claim failed on the pleadings because he had not alleged that Ohio's post-conviction procedures regarding access to DNA evidence for testing were "fundamentally inadequate." *Id*. at *5.

Here, Plaintiff mentions KRS 422.285, which he states allows prisoners, in non-capital offense cases, to gain access to post-conviction DNA testing in limited circumstances. He does not allege, however, that he either attempted to take advantage of the procedures set forth in KRS 422.285 or that they provide inadequate due process. The Court finds the *Osborne* Court's comment on the plaintiff's position in that case particularly applicable here:

> [The plaintiff's] attempt to sidestep state process through a new federal lawsuit puts [him] in a very awkward position. If he simply seeks the DNA through the State's discovery procedures, he might well get it. If he does not, it may be for a perfectly adequate reason, just as the federal statute and all state statutes impose conditions and limits on access to DNA evidence. It is difficult to criticize the State's procedures when [the plaintiff] has not invoked them. This is not to say that [he] must exhaust state-law remedies. *See Patsy v. Board of Regents of Fla.*, 457 U.S. 496, 500-501, 102 S. Ct. 2557, 73 L. Ed. 2d 172 (1982). But it is [the plaintiff's] burden to demonstrate the inadequacy of the state-law procedures available to him in state postconviction relief . . . . These procedures are adequate on their face, and without trying them, [the plaintiff] can hardly complain that they do not work in practice.

557 U.S. 52 at 71. In addition, the Kentucky Supreme Court has considered the procedures set forth in KRS 422.265 in light of *Osborne* and found them sufficient. *Bowling v. Commonwealth,*

357 S.W.3d 462 (Ky. 2011). In *Bowling*, the Kentucky Supreme Court held that like Alaska's procedures considered in *Osborne*:

> The procedures established in KRS 422.285 are sufficient to vindicate any substantive right to DNA testing that might also be created by the statute, as the procedures are similar to those provided for DNA evidence by federal law and the law of other States, and they are not inconsistent with the traditions and conscience of our people or with any recognized principle of fundamental fairness; as such, due process requires no additional rights beyond what is already provided in KRS 422.285 and the various postconviction procedures found in Kentucky law.

*Id*. at 466. For the foregoing reasons, the Court finds that Plaintiff has failed to state a due process claim under *Osborne* regarding Kentucky's procedures related to post-conviction testing of DNA evidence.

Finally, Plaintiff also seems to allege that his due process rights are being violated by Defendant Cohron's refusal to provide him with the exculpatory DNA evidence he seeks under the Kentucky Open Records Act. Plaintiff attaches to his complaint a September 4, 2015, letter from himself to the Defendant Cohron in which he states that the DNA test results held by Defendant Cohron's office are subject to public inspection under *Milburn v. Ky. State Police* and *City of Fort Thomas v. Cincinnati Enquirer*, 406 S.W.3d 842 (Ky. 2013). He then attaches a letter from Defendant Cohron's office which cites to KRS 61.878(1)(h) for the proposition that "records or information complied and maintained by county attorneys or Commonwealth's attorneys pertaining to criminal investigations or criminal litigation shall be exempted from the provisions of KRS 61.870 to KRS 61.884 and shall remain exempted after enforcement, including litigation, is completed or a decision is made to take no action" and to *Skaggs v. Redford*, 844 S.W.2d 389 (Ky. 1992). Plaintiff argues that Defendant Cohron's withholding of

the evidence he seeks violates the Kentucky Open Records Act because *City of Fort Thomas* overruled *Skaggs*.[2]

With this argument as well, Plaintiff still fails to state a procedural due process claim under *Osborne*. The Kentucky Open Records Act, KRS § 61.870 *et seq.*, provides for an appeals process for requests that are denied. Under KRS 61.880(5)(b), an individual who receives an unsatisfactory response to an open records request may appeal to the Attorney General. The individual may then appeal the Attorney General's decision in the circuit court of the county where the public records are maintained. KRS 61.882(1). Because Plaintiff has not shown that he has availed himself of this state appellate procedure or even alleged that he has availed himself of it, he cannot state a procedural due process claim under § 1983. *See, e.g.*, *McCollough v. Hale,* No. 15-CV-691, 2015 U.S. Dist. LEXIS 155373, at *10-11 (E.D.N.Y. Nov. 17, 2015).

---

[2] The Court disagrees with Plaintiff's interpretation of *City of Fort Thomas*. In *Skaggs*, the Kentucky Supreme Court upheld the Kentucky Open Record Act's exemption of a Commonwealth's Attorney's prosecutorial files under KRS 61.878(1)(h). 844 S.W.2d at 389. In *City of Fort Thomas*, the Kentucky Supreme Court held that *Skaggs* was overruled to the extent that it implied a blanket exemption for *law enforcement records*. 406 S.W.3d at 852-853. However, it specifically did not overrule *Skaggs* in relation to prosecutorial files because it noted, as *Skaggs* did, that "the general assembly has made clear that a prosecutor's litigation files are excluded in toto from the Kentucky Open Records Act." *Id*. In addition, in *Skaggs*, the Kentucky Supreme Court was explicitly considering whether "a convicted criminal should have complete access to the prosecutorial file once his conviction has been affirmed on direct appeal." 844 S.W.2d at 391. The court held that the "Kentucky Open Records Act neither intended nor provided for such a result." *Id*.

## V. CONCLUSION

For the foregoing reasons, Plaintiff's action will be dismissed by separate order pursuant 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

Date: April 7, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
      Defendants
4416.011