UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

DONALD RAY VIOLETT                                                                   PLAINTIFF

v.                                                  CIVIL ACTION NO. 1:15-CV-P142-GNS

CHRISTOPHER COHRON *et al.*                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court upon a letter (DN 23) from *pro se* Plaintiff Donald Ray Violett, who is proceeding *in forma pauperis*. The Court construes Plaintiff's letter as a motion for reconsideration of the Court's Memorandum Opinion and Order (DNs 14 & 15), entered on April 8, 2016, in which it dismissed Plaintiff's complaint upon initial review in accordance with 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 594 U.S. 199 (2007). For the following reasons, Plaintiff's motion will be denied.

**I. BACKGROUND**

Plaintiff brought suit against Christopher Cohron, the Warren County (Kentucky) Commonwealth's Attorney; Judge John R. Grise; and the Warren Circuit Courts. In his complaint, Plaintiff stated that he sought "injunctive relief for release of DNA forensic test results/lab reports and other relevant exculpatory evidence that will exonerate the Plaintiff . . . as authorized . . . under *Skinner v. Switzer*, 131 S. Ct. 1289 (2011)." After carefully reviewing each of Plaintiff's arguments, the Court determined, in its Memorandum Opinion and Order (DNs 14 & 15), that Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief could be granted. Plaintiff filed a notice of appeal of this Memorandum Opinion and Order on April 18, 2016.

In its Memorandum Opinion, the Court stated by way of background that Plaintiff had been convicted in state court of the rape and sodomy of his stepdaughter. In his letter, Plaintiff asserts that this statement is false. He then states:

> I have a person that works with the Warren County Justice Center. This "friend" lets me know when things are said about my case. You went outside the record of my federal action [1:15-cv-P142-GNS] and done your own ex parte investigation by speaking with defendants on my criminal case and Judge Grise told you I was convicted of rape and sodomy of my stepdaughter. He lied . . . I was initially charged with rape and sodomy but they thought the forensic testing would exonerate me . . . the charges were either 'dismissed' or amended to first degree sexual abuse. You need not believe everything John Grise, your former law partner, said. The records do not lie. Warren Circuit Court lies.

(DN 23, Letter).

## II. LEGAL STANDARD

Motions for reconsideration filed within 28 days of an entry of an order of dismissal are analogous to a motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). *Cobb v. City of Detroit Common Council*, No. 89-2068, 897 F.2d 529 (6th Cir. 1990) (citations omitted). "[A] court may alter the judgment based on: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (citation and internal quotation marks omitted).

## III. ANALYSIS

The Court will first address Plaintiff's assertion that the Court incorrectly stated that he had been convicted of sodomy. Although Plaintiff did not state in his complaint what crimes he had been convicted of, the Court researched this issue to provide context for his claims in the instant action. Upon conducting this research, the Court found a 1998 opinion issued by the Sixth

Circuit in which Plaintiff had filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the assistant commonwealth's attorney, his ex-wife, a police detective, and a social worker had conspired to violate his constitutional rights by giving false testimony and filing false documents in his criminal case. *Violett v. Pearson*, No. 97-6142, 1998 U.S. App. LEXIS 13651 (6th Cir. June 23, 1998). In this opinion, the Sixth Circuit stated that Plaintiff's claims were based upon his "state court conviction in 1993 for the rape and sodomy of his stepdaughter." *Id*. at *2. Thus, the Court's statement to this effect in its April 8, 2016, Memorandum Opinion was taken verbatim from this case.

However, upon receiving Plaintiff's letter, the Court conducted further research into exactly what crimes Plaintiff had been convicted of in state court. Based upon this research, it is still not entirely clear to the Court exactly what Plaintiff has been convicted of, but the Court does note that the above Sixth Circuit opinion is the only case the Court can find which mentions sodomy. *See, e.g.*, *Violett v. Peckler*, No. 2002-SC-0159-MR, 2003 Ky. Unpub. LEXIS 58, at *1 (Ky. Feb. 20, 2003) ("[Violett] was previously convicted in the Warren Circuit Court of multiple counts of first-degree sexual abuse and first-degree rape, and this Court affirmed those convictions."); *Violett v. Commonwealth*, 907 S.W.2d 773, 775 (Ky. 1995) ("This appeal is from a judgment based upon a jury verdict which convicted Violett of 157 counts of sexual abuse in the first degree and five counts of first-degree rape."); *Violett v. Commonwealth*, No. 2012-CA-000188-MR, 2013 Ky. App. Unpub. LEXIS 173, at *1 (Ky. Ct. App. Feb. 22, 2013) ("Violett was convicted of 141 counts of first-degree sexual abuse and five counts of first-degree rape."); *Violett v. Commonwealth*, No. 2008-CA-002374-MR, 2011 Ky. App. Unpub. LEXIS 300, at *1 (Ky. Ct. App. Apr. 8, 2011) ("Violett was sentenced to 754 years of imprisonment following his convictions on multiple counts of Rape and Sexual Abuse committed against two underage

family members. Those convictions were affirmed and the underlying facts were fully set forth by the Supreme Court of Kentucky . . . ."); *Violett v. Watson*, No. 2006-CA-001346-MR, 2007 Ky. App. Unpub. LEXIS 777, at *1 (Ky. Ct. App. Aug. 17, 2007) ("This appeal is another in a long line of cases that litter the judicial system with Violett's claim and arguments. A brief, partial history is appropriate. Violett was found guilty by a jury of five counts of first degree rape and 140 counts of first degree sexual abuse all committed against two underage female family members. He was sentenced to serve a total of 754 years in the state prison. Violett previously argued that he was in fact only convicted of 123 counts of first degree sexual abuse and was sentenced to 669 years."); *Violett v. Commonwealth*, No. 2006-CA-000646-MR, 2007 Ky. App. Unpub. LEXIS 1124, at *1 (Ky. Ct. App. June 1, 2007) ("In October 1993, following a jury trial in the Warren Circuit Court, Violett was convicted of 123 counts of first degree sexual abuse of his stepdaughter and five counts of first-degree rape of his biological daughter.") Nonetheless, no matter what crimes Plaintiff was ultimately convicted of in state court, this Court's statement in its Memorandum Opinion that Plaintiff had been convicted of sodomy was based upon language taken from a publicly available opinion of the Sixth Circuit Court of Appeals. This statement was provided purely for background information and in no way affects the basis for the Court's ruling that Plaintiff's complaint failed to state a claim upon which relief may be granted.

  Plaintiff also raises in his letter an unsupported allegation that the undersigned had *ex parte* communications with Defendant Warren Circuit Court Judge John Grise regarding the action now before this Court. The Court reiterates that all factual statements contained in the Court's Memorandum Opinion, entered on April 8, 2016, were based upon publicly available court records or Plaintiff's complaint and amended complaint.

Accordingly, the Court concludes that Plaintiff's motion for reconsideration should be denied because Plaintiff has not alleged that the Court's April 8, 2016, Memorandum Opinion contains a clear error of law. He has neither offered any newly discovered evidence, nor has he brought any intervening change in controlling law to the Court's attention or shown a need to prevent manifest injustice.

## IV. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's motion for reconsideration (DN 23) is **DENIED**.

Date: May 18, 2016

**Greg N. Stivers, Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Clerk, Sixth Circuit (No. 16-5484)
4416.011